UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| DUGABOY INVESTMENT TRUST, et al., | § § § | |
| *Appellants*, | § § | |
| v. | § § | Civil Action No. 3:24-CV-1531-X |
| HIGHLAND CAPITAL MANAGEMENT, L.P., et al., | § § § § | |
| *Appellees*. | § | |

### MEMORANDUM OPINION AND ORDER

Before the Court is Appellant Dugaboy Investment Trust's (Dugaboy) appeal from the bankruptcy court's order dismissing Dugaboy's complaint in the underlying adversary proceeding. After reviewing the briefing and applicable law, the Court **AFFIRMS** the bankruptcy court's order dismissing the complaint.

### I.   Factual Background

This appeal stems from an adversary proceeding that is a part of a larger bankruptcy that has spanned multiple appeals with a storied history. Only the relevant facts are reiterated here for purposes of this appeal.

In the bankruptcy proceeding, the chapter 11 Plan (Plan) was confirmed and became effective in 2021.[1] The Plan established the Claimant Trust pursuant, in

---

[1] The bankruptcy and the Plan are discussed at length by the Fifth Circuit in its opinion upholding the Plan in all but one aspect, which is irrelevant to this appeal. *In re Highland Capital Mgmt., L.P.*, 48 F.4th 419, 426–28 (5th Cir. 2022).

1

part, to the terms of the Claimant Trust Agreement (CTA).[2] The CTA was created as "a statutory trust under the Delaware Statutory Trust Act."[3]

Dugaboy admits that under the CTA, it holds a "Contingent Claimant Trust Interest."[4] These interests are not vested, and Dugaboy concedes it is a holder of an unvested contingent interest that will vest (to become a "Claimant Trust Beneficiary") only after holders of superior claims and indemnification provisions are satisfied.[5] Dugaboy filed an adversarial action, arguing that its interest should have already vested, seeking equitable relief as a beneficiary. Dugaboy brought three claims: (1) a claim for disclosure of the trust asset and a request for an accounting; (2) a declaratory judgment regarding the value of the trust assets; and (3) a declaratory judgment and determination regarding the nature of Dugaboy's interest. Defendants Highland Capital Management, L.P. and Highland Claimant Trust (together, "Highland") filed a motion to dismiss the complaint. The bankruptcy court granted the motion to dismiss and dismissed Claim 1 for a failure to state a claim and dismissed Claims 2 and 3 for lack of subject matter jurisdiction. Dugaboy appealed.

## II.  Legal Standard

This Court has jurisdiction over this appeal pursuant to 28 U.S.C. § 158(a). When a district court reviews a bankruptcy court's ruling, "[t]he bankruptcy court's

---

[2] Doc. 20-9 at ROA.002372.

[3] Doc. 20-9 at ROA.002378.

[4] Doc. 22 at 11; Claimant Trust Agreement (hereinafter, "CTA") § 5.1(c) at Doc. 20-9 at ROA.002398.

[5] Doc. 22 at 11; CTA § 5.1(c), Doc. 20-9 at ROA.002398.

findings of fact are subject to clearly erroneous review, while its conclusions of law are reviewed de novo."[6]

A Rule 12(b)(6) motion challenges a pleading for a "failure to state a claim upon which relief can be granted."[7] A pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[8] When analyzing the pleadings under a Rule 12(b)(6) motion, the complaint must contain "enough facts to state a claim to relief that is plausible on its face."[9]

### III.    Analysis

Dugaboy argues that the bankruptcy court erred in dismissing claim 1 for failure to state a claim. Dugaboy's argument hinges on whether or not it is entitled to certain information under the Plan. Essentially, Dugaboy argues that, though it holds an unvested contingent interest, its interest should have already vested, or, alternatively, it should be understood to be a beneficiary under state law in equity, entitling it to an accounting and information. Dugaboy helpfully lays out the dispositive issue in this appeal: "notwithstanding the limitations in the CTA, do the facts and circumstances here entitle [Dugaboy] to an equitable accounting and the declaratory relief requested[?]"[10] Because the language of the Plan and CTA are

---

[6] *In re Rogers*, 513 F.3d 212, 216 (5th Cir. 2008).

[7] Fed. R. Civ. P. 12(b)(6).

[8] Fed. R. Civ. P. 8(a)(2).

[9] *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

[10] Doc. 22 at 10–11.

controlling, the Court answers with an emphatic **No**, and **AFFIRMS** the bankruptcy court's order.

Dugaboy argues that it "seek[s] an equitable remedy under Texas (or if applicable, Delaware) law."[11] Appellees argue that there is no basis in law or contract for the information that Dugaboy seeks.

Dugaboy asserts that "[t]he language of the CTA is not dispositive."[12] The Court disagrees. The Plan and CTA control the claims, rights, and responsibilities of the parties, and therefore, Dugaboy cannot establish facts to plead its claim under the CTA. Dugaboy concedes it holds an unvested contingent interest that has not vested.[13] Specifically, under the CTA, Dugaboy will become a "Claimant Trust Beneficiary" only once its interest vests.[14] And the CTA provides the terms of limited disclosures and rights: section 3 of CTA provides for limited reporting requirements to the Oversight Board and to Claimant Trust Beneficiaries.[15] Specifically, the CTA provides that "nothing in this Agreement requires the Claimant Trustee to file any accounting," except for a limited quarterly report.[16] Therefore, since Dugaboy is not a Beneficiary under the plan and its interest has not yet vested to convert its interest, it cannot seek an accounting under the CTA.

---

[11] Doc. 22 at 20.

[12] Doc. 22 at 20.

[13] Complaint, Doc. 20-10 at ROA.002614; Doc. 22 at 20.

[14] CTA §§ 1.1(h), 5.1(c), Doc. 20-9 at ROA.002374, ROA.002398.

[15] CTA §§ 3.12(a), (b), Doc. 20-9 at ROA.002389.

[16] CTA § 3.12(a), Doc. 20-9 at ROA.002389.

As to a relief in equity, both Delaware and Texas recognize that equitable relief is not available where the terms of a contract are clear.[17] The Court will not reach outside the four corners of the controlling documents to find Dugaboy to be a beneficiary under state law when Dugaboy's interest is defined by the Plan and CTA. Dugaboy argues in its appeal that "[t]he language of the CTA is not dispositive."[18] The Court disagrees. The Plan and the CTA are dispositive, and Dugaboy seeks to reach outside the contracted-for terms to find the relief it seeks. Because the CTA provides that unvested contingent interests have no right to financial information, Dugaboy cannot plead any facts to support such a right under the CTA, the Court **AFFIRMS** the bankruptcy court's dismissal of claim 1 for a failure to state a claim.[19]

Dugaboy's claims 2 and 3 are both pled as contingent on an accounting under claims 1 and 2, respectively. For its second claim, Dugaboy pleads: "Once Defendants are compelled to provide information about the Claimant Trust assets, Plaintiffs seek a determination from the Court of the relative value . . . ."[20] And for its third claim, Dugaboy pleads: "In the event that the Court determines that the Claimant Trust assets exceed the obligations of the bankruptcy estate in an amount sufficient . . .

---

[17] *See King v. Baylor Univ.*, 46 F.4th 344, 368 (5th Cir. 2022) (Under Texas law, "when the contract addresses the matter at issue, the party invoking equity is limited to the contract rather than equity when determining liability." (cleaned up)); *In re Am. Home Mortg. Holdings, Inc.*, 386 F. App'x 209, 212–13 (3d Cir. 2010) (rejecting equitable relief where a Trust Document was "clear[] and unequivocal[]," holding that "we apply Delaware law, which instructs that a party is bound by the plain meaning of clear and unequivocal contract terms.").

[18] Doc. 22 at 20.

[19] Additionally, because the CTA controls and gives no right to the information Dugaboy seeks, Dugaboy cannot prevail on its argument of an implied covenant of good faith and fair dealing.

[20] Doc. 20-10 at ROA.002638.

Plaintiffs seek a declaration and a determination . . . that their Contingent Claimant Trust Interests are likely to vest . . . ."[21] Because Dugaboy is not entitled to relief under claim 1, claims 2 and 3 are moot, and the Court **AFFIRMS** the bankruptcy court's dismissal of these claims.

## IV.    Conclusion

For the above reasons, the Court **AFFIRMS** the bankruptcy court's order dismissing Dugaboy's complaint.

**IT IS SO ORDERED** this 30th day of July, 2025.

_____
BRANTLEY STARR
UNITED STATES DISTRICT JUDGE

---

[21] Doc. 20-10 at ROA.002639.