# United States Court of Appeals for the Fifth Circuit

———————

No. 25-10999
Summary Calendar

———————

United States Court of Appeals
Fifth Circuit

**FILED**

March 17, 2026

Lyle W. Cayce
Clerk

IN THE MATTER OF HIGHLAND CAPITAL MANAGEMENT, L.P.

*Debtor*,

DUGABOY INVESTMENT TRUST,

*Appellant*,

*versus*

HIGHLAND CAPITAL MANAGEMENT, L.P.; HIGHLAND
CLAIMANT TRUST,

*Appellees*.

———————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:24-CV-1531

———————————————————

Before RICHMAN, SOUTHWICK, and WILLETT, *Circuit Judges*.

PER CURIAM:[*]

————————————————

[*] This opinion is not designated for publication. *See* 5TH CIR. R. 47.5.

No. 25-10999

Dugaboy Investment Trust appeals from the district court's order affirming the dismissal of its complaint in an adversary bankruptcy proceeding. Finding no error, we AFFIRM.

## FACTUAL AND PROCEDURAL BACKGROUND

This appeal stems from a lengthy bankruptcy proceeding spanning multiple appeals before this court. *See, e.g.*, *In re Highland Cap. Mgmt., LP*, 48 F.4th 419 (5th Cir. 2022); *In re Highland Cap. Mgmt., L.P.*, 57 F.4th 494 (5th Cir. 2023). In brief, Highland Capital Management ("HCM"), in October 2019, filed a petition for relief under Chapter 11 of the United States Bankruptcy Code. On November 24, 2020, HCM filed an amended plan for reorganization (the "Plan"), which provided for the creation of the Highland Claimant Trust, organized under the Claimant Trust Agreement ("CTA") and the Delaware Statutory Trust Act ("DTSA"). *See* DEL. CODE tit. 12 § 3829. The Plan was confirmed and became effective in 2021.

The Claimant Trust was created for the benefit of the "Claimant Trust Beneficiaries," which the Plan and the CTA define as holders of general unsecured (Class 8) and subordinated claims (Class 9) against HCM. Former limited partners (Classes 10 & 11) are not Claimant Trust Beneficiaries, but instead holders of an unvested, contingent, and subordinate trust interest. These contingent interests in the Claimant Trust will vest and thereby become Claimant Trust Beneficiaries only after holders of superior claims and indemnification provisions are satisfied.

Appellant, Dugaboy Investment Trust — controlled by HCM co-founder and former Chief Executive Officer, James Dondero — is the holder of a Class 11 contingent trust interest. More than two years after the Plan's confirmation, Dugaboy filed an adversarial action in the bankruptcy court

No. 25-10999

seeking disclosure of Claimant Trust assets and an accounting.[1]   The bankruptcy court dismissed the complaint for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  Dugaboy appealed that ruling to the United States District Court for the Northern District of Texas.  The district court affirmed, and Dugaboy timely appealed to this court.

## DISCUSSION

"We review the decision of a district court, sitting in its appellate capacity, by applying the same standards of review to the bankruptcy court's finding of fact and conclusions of law as applied by the district court." *In re ASARCO, L.L.C.*, 650 F.3d 593, 600 (5th Cir. 2011).  Conclusions of law are reviewed *de novo* and findings of fact are reviewed for clear error.  *Id.* at 601. A court's legal determination that a claim is moot is reviewed *de novo*.  *See Crocker v. Austin*, 115 F.4th 660, 664 (5th Cir. 2024).

As expressed by the bankruptcy and district courts, the CTA provides for only *limited* information rights, and even Claimant Trust Beneficiaries are entitled only to a quarterly reporting.  Dugaboy concedes that it holds an unvested contingent interest, thereby admitting it is *not* a Claimant Trust Beneficiary under the terms of the CTA.  As a result, it has no legal right to the relief sought.

Dugaboy first argues its interest has vested because Texas law would classify it as a "beneficiary."  We disagree.  The CTA expressly provides that the Claimant Trust is a Delaware trust governed by the Delaware Statutory Trust Act.  Under that enactment, a "beneficial owner" is an "owner of a beneficial interest in a statutory trust, the fact of ownership to be

---

[1] The complaint also sought declaratory relief regarding the value of trust assets and the nature of Dugaboy's interest.  Both requests for relief are expressly contingent on Dugaboy's informational rights under the CTA.

No. 25-10999

determined and evidenced . . . in conformity to the applicable provisions of the governing instrument of the statutory trust." DEL. CODE tit. 12 § 3801(a). The governing instrument here — the CTA — defines a Claimant Trust Beneficiary in such a manner as not to include Dugaboy's unvested, contingent interest.

We agree with the district court that Delaware and Texas law preclude equitable relief where, as here, the terms of the contract are clear. *See King v. Baylor Univ.*, 46 F.4th 344, 368 (5th Cir. 2022); *In re Am. Home Mortg. Holdings, Inc.*, 386 F. App'x 209, 212–13 (3d Cir. 2010). As we already stated, the CTA is clear that Dugaboy's contingent interest is not vested.

Finally, Dugaboy argues its interest should be treated as fully vested because the Claimant Trustee breached the implied duty of good faith and fair dealing by funding indemnification reserves. Of primary importance, this court has already affirmed the conduct of the trustee. *In re Highland Cap. Mgmt. LP*, 57 F.4th 494, 503 (5th Cir. 2023) (discussing the Claimant Trust's ability to reserve funds for indemnification obligations). In addition, "[e]xisting contract terms control, . . . such that implied good faith cannot be used to circumvent the parties' bargain." *Dunlap v. State Farm Fire & Cas. Co.*, 878 A.2d 434, 441 (Del. 2005). AFFIRMED.

4